Doral V. PAULEY and Jane M. Pauley, Plaintiffs,

v.

UNITED OPERATING COMPANY, et al., Defendants.

Doral V. PAULEY and Jane M. Pauley, Plaintiffs,

v.

Robert G. CORACE, Jr., et al., Defendants.

GORDIAN–NOTT PROMOTIONS CO., a Michigan corporation, Plaintiff,

v.

Robert G. CORACE, Jr., et al., Defendants.

Civ. A. Nos. 79–74734, 81–72941 and 82–74303.

United States District Court, E.D. Michigan, S.D.

April 11, 1985.

C. William Garratt, Mark D. Evans, Bloomfield Hills, Mich., for plaintiffs.

Roger H. Leemis, Southfield, Mich., Frederick J. Amrose, Bloomfield Hills, Mich., Steven M. Lesinski, Detroit, Mich., Daniel F. Berry, Birmingham, Mich., for defendants.

## OPINION AND ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDATION

GEORGE E. WOODS, District Judge.

This matter is before the Court on defendants' objections to the Magistrate's recommendation that this Court grant default judgments against defendants, strike their counterclaims, and award attorney fees pursuant to F.R.Civ.P. 37(b). Because this Court is firmly convinced that defendants' abuse of the discovery process in the above-captioned cases warrants the imposition of such drastic sanctions, the Magistrate's Report and Recommendation is hereby ACCEPTED.

The Magistrate's Report and Recommendation is appended to this Opinion and Order and need not be set out at any length herein. For present purposes, it is sufficient to note the Magistrate's determination that defendants have not complied with any of the following orders:

1. Order Regarding Pending Discovery Motions (docketed 3–22–84) (Magistrate Rhodes);

2. Second Order Regarding Pending Discovery Motions (docketed 3–26–84) (Magistrate Rhodes);

3. Third Order Regarding Pending Discovery Motions (docketed 3–26–84) (Magistrate Rhodes);

4. Order regarding the copying of documents (docketed 3–27–84) (Magistrate Rhodes);

5. Order regarding the marking of documents produced by defendant Corace (docketed 3–27–84) (Magistrate Rhodes);

6. Order of this Court memorializing rulings made at an August 1, 1984 status conference requiring defendants to forthwith supply all answers to interrogatories and documents requested by plaintiffs and further requiring defendant Corace to appear and submit to depositions (docketed 8–20–84) (Judge Woods); and

7. Order Requiring Defendant Corace to Appear and Scheduling Hearing (docketed 1–15–85) (Magistrate Rhodes).

As the Magistrate correctly notes, orders numbered one through five above were affirmed by this Court on appeal on August 21, 1984. Defendants thus need to excuse seven instances in which they failed to abide by the orders of this Court. A review of their justification for these failures, embodied in their Objections to the Magistrate's Report and Recommendation, does not persuade the Court that the sanctions recommended by the Magistrate are overly harsh.

Defendants first object that the Magistrate was without authority to enter the Report and Recommendation at issue because this Court only referred plaintiffs' Motion for Sanctions for *hearing and determination* pursuant to 28 U.S.C. § 636(b)(1)(A). They also contend that the

Magistrate acted in excess of his authority by considering the "supplements" to plaintiffs' motion which, unlike the motion itself, sought "case-dispositive relief." Put simply, defendants challenge the Magistrate's authority to recommend dispositive relief when the Court's Order of Reference only referred plaintiffs' motion under the subsection of the Magistrate's Act providing for reference of non-dispositive matters.

Had the Magistrate issued an *order* granting plaintiffs a default judgment, this objection would obviously be well-taken and there would be no doubt he had exceeded his authority. The Magistrate, however, acted properly[1] by issuing a Report and Recommendation instead of an order when it became apparent that dispositive relief was called for. Plaintiffs suggest in their response[2] to Defendants' Objections that defendants have waived the right "to argue about the statutory subsection under which this matter was referred to the Magistrate" by virtue of their failure to raise the issue sooner. Alternatively, plaintiffs suggest that "if this Court is influenced by Defendants' technical hair-splitting, this Court should *sua sponte* amend the order of reference *nunc pro tunc* ..." Plaintiffs' Response to Defendants' Objections To and Appeal From "Magistrate's Report and Recommendation," Dated January 22, 1985, at p. 3 [hereinafter Plaintiffs' Response]. While the Court is persuaded that this objection does not warrant the rejection of the Magistrate's Report and Recommendation, plaintiffs' suggestion that the order of reference be amended *nunc pro tunc* to request a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) is a sufficient means of endorsing the Magis-

trate's course of action in this matter and will be followed.

■ Defendants next object that Magistrate Rhodes erred by ordering defendant Corace to appear at the January 18, 1985 hearing.[3] The Court concludes, however, that the Magistrate acted within the authority conferred upon him by Local Rule C–1(i)(9), which authorizes a Magistrate to "[i]ssue ... other orders necessary to obtain the presence of parties, witnesses or evidence needed for court proceedings." As previously noted, the Magistrate had been given an order of reference as to all pretrial discovery proceedings and, to an extent not inconsistent with Article III of the United States Constitution, was acting for this Court. Having seen almost every legitimate discovery order go unheeded by defendant Corace, the Magistrate was understandably interested in hearing from this defendant himself as to why discovery was not forthcoming. In short, the Court is not satisfied that this objection should alter the Magistrate's recommendation in any way.

■ Defendants next argue that conflicting orders of this Court should excuse their failure to comply with Court-imposed discovery demands. In particular, defendants contend that the Court's order of August 20, 1984, calling for them to submit to depositions and produce documents in Michigan, conflicted with the Magistrate's order requiring the same depositions and document production in Florida and that "[i]t would have been impossible to comply with the terms of both Orders." They also assert that an "additional problem" made

---

1. This Court's order of reference as to all pretrial discovery proceedings, entered on March 23, 1984, puts to rest defendants' assertion that "Magistrate Rhodes *took it upon himself* to report and recommend upon the subsequent 'supplements,' ..." Defendants' Objections To and Appeal From "Magistrate's Report and Recommendation," Dated January 22, 1985, p. 4 [hereinafter "Defendants' Objections"].

2. Plaintiffs' response was filed on March 28, 1985, together with a "6(b) Motion for One Day

Enlargement of Time to File Brief." That motion is hereby GRANTED and the response is properly before the Court.

3. This objection is adopted by reference from defendants' "Objections to Order and Determinations of Magistrate, which Order and determinations are embodied in 'Order Requiring Defendant Corace to Appear and Scheduling Hearing on Motions,' Dated January 14, 1985" Defendants' Objections, Exhibit B.

compliance with this Court's order of August 20, 1984 impossible:

> Therein, Defendants were ordered to comply with Plaintiffs' requests for production of documents by August 10, 1984. Stated otherwise, Defendants were ordered to perform an act ten (10) days before the Order compelling them to do so was entered. It would have been physically impossible to comply with that Order. As soon as it was entered, Defendants were ten (10) days late in complying with it.
>
> Recognizing that it would be impossible to comply with the Orders of August 20 and 21, 1984, Defendants timely filed a Motion for Reconsideration of this Court's Order of August 20, 1984. That Motion is still pending before this Court.

Defendants' Objections at p. 6.

The first element of this objection was best dealt with in plaintiffs' Response:

> In March, 1984 Defendants were directed, first, to produce documents for inspection and copying in Florida and, then, to submit Defendant Corace to deposition in Florida. That discovery was ordered to occur in *March*. Although Defendants objected to and appealed from the Magistrate's March, 1984 Orders (which orders were affirmed by this Court on August 21, 1984) Defendants do not dispute (and, therefore, concede) the propriety of the Magistrate's finding that they refused to obey those Orders.
>
> Defendants concede that *four months later* Judge Woods had to order from the bench on August 1, 1984 that Defendants file interrogatory answers and submit documents to the Court on or before noon on August 10, 1984 and that Corace appear for his deposition in Michigan. Discovery was expiring on August 31st. Disingenuously, Defendants now argue that, because the March, 1984 Orders requiring compliance *in Florida* were affirmed and because Judge Woods ordered that some of the same discovery be provided *in Michigan*, Defendants could not comply with both orders. Therefore, Defendants argue that they were justified in refusing to comply with *either* order. Notably, Defendants never mentioned this purported 'conflict' until *after* Magistrate Rhodes submitted his Report and Recommendation.
>
> Of course, Defendants' argument is pure sophistry and defies common sense and logic. If Defendants had ever complied with the March, 1984 discovery Orders, this Court would never have had to require Defendants (over four (4) months later at the close of discovery) to provide the same discovery in Michigan, where discovery disputes could be more quickly resolved. If Defendants had really been genuinely concerned with this alleged 'conflict' among the discovery Orders, Defendants could have complied with both *or* either *or* could have filed a motion for clarification. Instead, Defendants simply ignored *all* of the Court's Orders, including Judge Woods' Order from the bench which was later embodied in a written Order entered August 20, 1984.

Plaintiffs' Response at pp. 11–13 (emphasis in original).

Defendants' assertion that it would have been impossible to satisfy the "conflicting" orders was not raised in their Motion for Reconsideration of Orders Entered August 20, 1984, but was briefly touched upon in the Brief in Support of that motion. As plaintiffs point out in the portion of their response set out above, this argument is disingenuous and need not detain the Court long. This same Motion for Reconsideration which defendants suggest is still pending was never really properly before the Court because of its untimeliness, the Court having ruled from the bench on August 1, 1984 and the Motion for Reconsideration having been filed on August 30, 1984.[4]

---

**4.** While it is true that this order was not reduced to writing nor signed by the Court until August 20, 1984, the Court's order was given from the bench on August 1, 1984 and required compliance by August 10. Defendants were instructed to prepare a memorialization of the Court's orders and should not be allowed to profit by their dilatoriness.

■ Defendants next contend that the Magistrate was wrong in determining that they had failed to comply with "any" of the pertinent orders of this Court. A *de novo* review of the facts supports the Magistrate's assessment. The assertions made at pages 7 through 9 of Defendants' Objections are effectively deflated by Plaintiffs' Response at pages 14 through 19 and will not be dissected here other than to note defendants' concession that

> [i]f it were true that "... the defendants have not complied with *any* ..." of this Court's discovery orders, then perhaps Magistrate Rhodes would be justified in recommending the extremely harsh sanctions he has.

The facts establish—and defendants do not dispute—that any effort they made to provide the requested discovery came after the discovery cut-off date had passed. Putting aside for the moment that much of this effort may have been illusory (see, for example, the affidavit of Mark D. Evans, attached as Exhibit A to Plaintiffs' Response) its gross untimeliness gives fresh currency to the Magistrate's assessment. Viewed in this context, defendants should recognize the propriety of the Magistrate's recommendation.

■ Nor can this Court place too much emphasis on defendant Corace's purported travel restrictions. Since he was not indicted until July 31, 1984, this excuse obviously cannot extend to that portion of the discovery period which preceded his indictment. Further, even if this excuse were to be accepted at face value, its frailty is exposed by the fact that it in no way can excuse the failure to answer interrogatories during that period. For these reasons, and those set out in Plaintiffs' Response, the Court is not persuaded that the Magistrate erred in concluding defendants had failed to comply with any of the orders at issue.

■ Defendants' final argument[5] suggests that the "most severe sanction of default should not be imposed against defendants when their alleged discovery failures were not willful, and when plaintiffs have ignored defendants' discovery requests and continue to violate this Court's July 31, 1984 order." In view of the foregoing discussion, the Court is persuaded that the element of willfulness permeates defendants' conduct throughout the entire course of discovery in these matters and thus justifies the imposition of the sanctions recommended. This Court agrees that a consideration of the equities involved should temper the severity of the sanctions, but a review of the course of discovery does not reveal any conduct on the part of plaintiffs which should be held to excuse defendants' obstructionist tactics in these cases.

The rules of discovery contained in the Federal Rules of Civil Procedure were designed to operate with a minimum of judicial interference. This same spirit is found in this Court's Local Rules, where, for example, Rule 17(a) requires counsel to seek the concurrence of his or her opponent before requesting the Court's intervention and also requires that counsel meet prior to any hearing on a discovery motion "in a good faith effort to narrow the areas of disagreement." The rationale behind this

Had the Motion for Reconsideration been timely, it would have had to have been denied, as it merely presented the same issues previously ruled upon by the Court and did not "demonstrate a palpable defect by which the Court and the parties have been misled [nor did it] show that a different disposition of the case must result from a correction thereof." Local Rule 17(k)(3).

5. Defendants raise additional arguments in their "Further Objections to Magistrate's Report and Recommendation Dated January 22, 1985," but they are essentially cumulative or else are so lacking in merit as to require no discussion. Their objection that there is no connection between the discovery sought and a trial on the merits, for example, is an awkward way of objecting to the relevance of plaintiffs' discovery requests. For the most part, such objections have already been rejected by this Court in ordering that discovery proceed. Their suggestion that the Court erred in refusing to adopt a plan of discovery is also frivolous as it ignores the central inquiry now before the Court concerning their failure to abide by the "plan" of discovery that evolved from this Court's orders.

spirit of self-determination is not that the Court is too busy to be bothered with discovery disputes, nor that discovery is not an important enough element of litigation to warrant judicial attention, but that the rules lay out broad and liberal guidelines in a search for the truth so that even opponents in the heat of the fray can step back and acknowledge that relevant information must be shared.

There are times when reasonable minds can differ as to the discoverability of certain information, and in such cases the Court accepts without complaint its role as arbitrator of such disputes. There are also, lamentably, occasions when one side or another decides it will not abide by the spirit of the rules but will make an opponent fight for every scrap of information it seeks. In either case, once the Court is called upon to rule on the dispute, it expects the parties to obey its resulting rulings. This point was effectively underscored by this Court at the status conference on August 1, 1984 when the Court informed counsel that it would not tolerate any further lack of cooperation and acrimony between the parties in the area of discovery.

The Court's expectation that its discovery rulings will be obeyed is justified under the federal rules, which allow the Court to punish non-compliance with its discovery orders by ordering the

> striking out [of] pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

F.R.Civ.P. 37(b)(2)(C). The same rule also provides:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

F.R.Civ.P. 37(b)(2)(E).

The Court does not consider itself to be acting precipitously in deciding to accept the Magistrate's recommendation, and it acts with full appreciation of the harshness of the sanctions applied here. A review of the pertinent considerations which should occupy the Court before passing on such an issue only serves to convince this Court of the propriety of the Magistrate's recommendation.

■ The Court has considered the extent of defendants' culpability and concludes that defendants have acted willfully in ignoring the Court's orders and the reasonable discovery requests of plaintiffs. In considering this important prong of the required analysis, see, e.g., *B.F. Goodrich Tire Co. v. E.H. Lyster*, 328 F.2d 411, 415–416 (5th Cir.1964), the Court cannot ignore the fact that the principal defendant, Robert G. Corace, Jr., is an attorney and thus an officer of the Court. This is not a case, then, where a naive litigant is misled by his unschooled conviction as to the merits of his position into ignoring a Court order. On the contrary, defendant Corace is charged with knowing that he could not simply ignore Court-ordered discovery. If, for example, he felt his Fifth Amendment rights would be jeopardized by answering interrogatories in these civil cases, he also knew that the proper remedy was to assert his privilege on a question-by-question basis rather than merely ignoring plaintiffs.

■ This examination into the extent of defendants' culpability must of necessity consider any mitigating factors. As discussed previously, the Court cannot place much emphasis on defendant Corace's purported inability to travel freely. Nor does it agree that the "equities" of this matter should militate in favor of lesser sanctions because plaintiffs have not been one hundred percent compliant in submitting to discovery themselves. That the Pauleys may not yet have answered all the interrogatories submitted to them should not be regarded as putting the parties on an equal

footing in terms of culpability. The record of these cases indicates the Pauleys have submitted to depositions and did not reveal any great reluctance on their part to cooperate until it became apparent that discovery was becoming a one-way street.

■ The Court has also considered as a possible mitigating factor the fact that defendants' August 30, 1984 Motion for Reconsideration has never been formally denied. This motion was filed in this Court while the undersigned Judge was sitting by designation on the Sixth Circuit Court of Appeals. As noted above, it was filed on August 30, 1984 in an attempt to re-argue the Court's unequivocal determination that defendant Corace had to submit to depositions by August 10, 1984, and in violation of this Court's admonition that it did not wish to hear anything further in opposition to its demand that defendant Corace cooperate within the next ten days. While better practice may have been to sift more carefully through the flood of pleadings routinely submitted by defendants and rememorialize this Court's denial of requests submitted by defendants solely for the purpose of delay, the Court cannot conclude under the totality of the circumstances that defendants legitimately believed they could once again forestall the operation of this Court's orders by moving for reconsideration again.

■ The Court also concludes that an examination into the extent of the harm caused by defendants' misconduct must weigh in favor of accepting the Magistrate's recommendation. Beside the detriment to plaintiffs' case in being thwarted in almost every attempt to secure basic, legitimate discovery, the Court must consider the harm done to the Court itself. Whether they refused to ignore an order of this Court or of the Magistrate, defendants have caused harm consistent with the harshness of the sanctions now ordered. Viewed in terms of the deterrence functions of Rule 37, see, e.g., *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976), the harm which would result were defendants to go unpunished would be the unspoken endorsement of flagrant disregard for this Court's orders. Consequently, the sanction of default judgments is not considered overly harsh.

■ The Court is similarly persuaded that the effect of these sanctions, beside protecting the integrity of its orders, would not unduly punish defendants out of proportion to their misconduct. It is no exaggeration to venture that the amount of these default judgments will be comparable to the dollar value of the time spent by this Court, the Magistrate and supporting staffs as a result of defendants' misconduct.

■ Finally, this is not a case where an innocent party will be made to suffer by the procedural mistakes of counsel. This Court is aware—and may even have remarked on the record at one point—that defendants' various counsel are not to be overly faulted for the defendants' having found themselves in this situation. With the exception of several instances in which this Court has had to recommend that counsel make greater efforts to act professionally, defendants have no one to blame but themselves for the fatal flaws in their discovery strategy.

This conclusion is reached without any further oral hearings in this matter. This Court has already provided defendants with ample time to air their positions and also made it clear at the August 1, 1984 status conference that continued delay in submitting to discovery would result in drastic sanctions. The Court is also satisfied from defendant Corace's failure to appear before the Magistrate as ordered that defendants obviously have nothing more to say that does not appear in their pleadings.

All of these factors suggest to the court that this is an appropriate situation within which to accept the Magistrate's recommendation. Accordingly, IT IS ORDERED that the Magistrate's Report and Recommendation be and the same is hereby ACCEPTED as the findings and conclusions of the Court.

Let judgment enter accordingly.

So ordered.

## APPENDIX

## MAGISTRATE'S REPORT AND RECOMMENDATION

## 22 Jan. 1985

## As Amended 24 Jan. 1985

STEVEN W. RHODES, United States Magistrate.

This matter is before the Court on a motion for sanctions filed by the plaintiffs Doral V. Pauley and Jane M. Pauley on April 12, 1984. The defendants filed a response on May 9, 1984. On that day, the Pauleys filed a supplement to their motion and the defendants filed a response to this supplement on June 8, 1984. On August 27, 1984, the Pauleys filed a second supplement to their motion, followed by a third supplement on August 28, 1984, and a fourth supplement on October 5, 1984. On December 20, 1984, the defendants filed a response to these supplements. On January 7, 1985, the Pauleys filed a reply to the defendants' response.

Hearings were held on the motion on November 26, 1984, January 8, 1985, and January 18, 1985.

The Pauleys contend that because the defendants have failed to comply with the several discovery orders entered in these cases, the Court should enter default judgments against them, strike their counterclaims, and grant attorney fees. For the reasons set forth below, it will be recommended that the motion be granted.

Rule 37(b)(2), upon which the Pauleys rely, provides that if a party fails to obey an order to provide discovery, the Court may make such orders in regard to the failure as are just, and among others the following:

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

This subrule further provides:

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Specifically the Pauleys contend that the defendants have failed to comply with the following discovery orders:

1. On March 21, 1984, the Court entered an order entitled, "Order Regarding Pending Discovery Motions". Among other things, this order required defendant Corace to appear for his deposition at certain specified dates and times.

2. On March 22, 1984, the Court entered an order entitled, "Second Order Requiring Pending Discovery Motions". This order required the defendants to answer the Pauleys' first interrogatories by March 28, 1984.

3. On March 23, 1984, the Court entered an order entitled "Third Order Regarding Pending Discovery Motions". This order required the defendants to comply with the Pauleys' first and second requests for production of documents by March 26, 1984.

4. On March 27, 1984, the Court entered an "Order" regarding the copying of the defendants' documents.

5. On March 27, 1984, the Court entered a second "Order" regarding the marking of documents produced by Corace.[1]

6. On August 1, 1984, during a status conference, the Court ordered that all answers to interrogatories and documents requested by the Pauleys be furnished by August 10, 1984, and further ordered that Corace appear for his continued deposition

---

1. All of the foregoing orders were entered by the Magistrate on reference from the District Judge, who affirmed the orders on appeal on August 21, 1984.

at certain specified times and places. These orders were restated in a written order entered on August 10, 1984.

In addition, Corace failed to comply with an order requiring him to appear personally in Court at the third hearing on this motion which was held on January 18, 1985. This order was entered on the record in open court at the second hearing on January 8, 1985, and re-stated in an order entitled "Order Requiring Defendant Corace To Appear and Scheduling Hearing on Motions," entered on January 14, 1985. This order was entered for the stated purpose of giving the Court an opportunity to "address the defendant Corace concerning his attitude and intention regarding the outstanding discovery demands of the plaintiffs and the Court's orders." At the hearing, Corace's counsel appeared and indicated that Corace did not intend to appear.

A fair review of the record indicates that the defendants have not complied with *any* of these orders, and that the violations are continuing. Specifically, the orders regarding the interrogatories, documents, and Corace's deposition have never been complied with. In this regard it must also be noted that discovery closed as of August 31, 1984.

In opposition to the motion, the defendants contend that the Pauleys also have not complied with their discovery requests; that the Pauleys' counsel has been unreasonable and difficult to deal with; that they had a right to delay compliance with the Magistrate's orders pending appeal to the District Judge; and that Corace's indictment [2] obstructed their efforts to comply.

These contentions are largely frivolous and serve only to corroborate the conclusion that the defendants' failures to comply with the Court's orders were willful and in bad faith.

It must be recognized that the sanctions recommended herein are the most extreme sanctions that the Court can impose upon the defendants' ability to proceed in these cases and that therefore they must be reserved for use only as a last resort. There is a strong policy favoring trial on the merits. *See: Matter of MacKeekin [MacMeekin],* 722 F.2d 32, 36 (3rd Cir.1983); *Zavala Santiago v. Gonzalez Rivera,* 553 F.2d 710, 712 (1st Cir.1977); and *Flaksa v. Little River Marine Constr. Co.,* 389 F.2d 885, 888–89 (5th Cir.1968), *cert. denied,* 392 U.S. 928 [88 S.Ct. 2287, 20 L.Ed.2d 1387] (1968).

Nevertheless the record demonstrates that the defendants have made a trial on the merits impossible, due to their failure to provide discovery. Thus, these sanctions are fully justified by the defendants' conduct; no less severe sanctions can possibly remedy the results of the defendants' violations. *Cf: Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 700 [102 S.Ct. 2099, 2103, 72 L.Ed.2d 492] (1982); and *McCloud R.R. Co. v. Sabine River Forest Products, Inc.,* 735 F.2d 879, 883 (5th Cir.1984). The Court must not permit the defendants to profit in any way from their willfully wrongful conduct. *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2nd Cir. 1979).

Moreover, these sanctions are required to deter others contemplating abusive conduct, *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–64 [100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488] (1980), and *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643 [96 S.Ct. 2778, 2781, 49 L.Ed.2d 747] (1976), *reh'g denied,* 429 U.S. 874 [97 S.Ct. 197, 50 L.Ed.2d 158] (1976), and are required to preserve the dignity and authority of the court. *In re Gustafson,* 650 F.2d 1017, 1023 (9th Cir. 1981) (*en banc*). Again any lesser sanction will undermine these important policy considerations.

---

**2.** On July 31, 1984, Corace was indicted by a Federal Grand Jury in Detroit on charges of mail fraud and false statements.

Accordingly, it is recommended that the Pauleys' motion for sanctions be granted, that the Court grant default judgments against the defendants, that the Court strike the defendants' counterclaims, and that the Court award attorney fees pursuant to Rule 37(b), Federal Rules of Civil Procedure.[3]

The parties are advised that any objections to this Magistrate's Report and Recommendation must be filed within ten (10) days. Otherwise, any appeal from this Court's judgment is waived.

---

3. Without objection from the parties, the eight other outstanding motions identified in the scheduling order of January 14, 1985, have been ordered held in abeyance pending the Court's disposition of the motion for sanctions.