**Brunetta THOMAS, Plaintiff,**

v.

**VICTORIA'S SECRET STORES, et al., Defendants.**

**No. C2–90–911.**

United States District Court, S.D. Ohio, E.D.

Feb. 18, 1992.

Brunetta Thomas, pro se.

Douglas Leonard Williams, Columbus, Ohio, for defendants.

## ORDER

GEORGE C. SMITH, District Judge.

This is an employment discrimination case. Plaintiff, Brunetta Thomas, claims that she was discriminatorily discharged by Victoria's Secret Stores, and has been continually harassed by employees of that company ever since. The court has issued a number of prior orders in this case dealing with her requests for injunctive relief, and also dealing with discovery-related issues.

Thomas' deposition was taken in this case on June 14, 1991. She refused to answer a number of questions posed to her which would have permitted the defendants to make an investigation into a number of her allegations. Defendants then moved to compel. On December 19, 1991, the Magistrate Judge issued an order directing plaintiff to make herself available, upon the giving of reasonable notice, for a second deposition, and directing her to answer relevant questions posed to her. That order was effective when issued, and it was subsequently affirmed by the District Court on February 4, 1992, when Thomas' motion for reconsideration was denied.

Defendant filed a motion for dismissal on January 29, 1992 which describes the parties' response to the Magistrate Judge's order. According to an affidavit attached to that motion, a deposition notice was served on Thomas on January 7, 1992,

scheduling her for an additional deposition on January 22, 1992, at 9:00 a.m. On January 16, 1992, Thomas called Susan Cohen, counsel for the defendant, and asked that the deposition be moved back by one-half hour. Cohen agreed, and sent an amended notice of deposition reflecting the change in time. The following day, January 17, Thomas called Cohen again and stated that she was not coming to the deposition. She called back later that same day, and said that she would appear at Cohen's office, but only for the purpose of receiving money. When told that she would not be paid money at the deposition, she repeated her intention not to appear. She made a third call to Cohen the same day, acknowledging her awareness that the case would probably be dismissed if she did not appear for a deposition, but continuing to insist that she would not appear.

The deposition was convened on January 22, 1992 at 9:30 a.m. Cohen and the court reporter waited until 10:00 o'clock for Thomas to appear. She did not. Defendant now argues that, based upon this conduct, it is entitled to an order dismissing this case.

Thomas responded to the motion to dismiss on February 3, 1992. Her opposing memorandum is not accompanied by an affidavit, but it states the following facts. She asserts that she did not attend the deposition because she "had other matters to attend to." She confirmed Cohen's statement that she called Cohen on January 17, 1992, stating that she would not come to the deposition. Thomas asserts that since Cohen clearly understood that she was not coming, no sanctions should be imposed. Thomas then continues to assert that she has been harassed, that her life and her daughter's life are in jeopardy, that the Ohio Civil Rights Commission did not properly investigate this case, and that she should be awarded emergency injunctive relief.

*Legal Standard Applicable.* Fed. R.Civ.P. 37(b)(2) provides, in pertinent part, that:

"If a party ... fails to obey an order to provide or permit discovery, including an order made under Subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party...."

■ Although the Court has authority under Rule 37 to impose various sanctions, and a certain amount of discretion to choose the sanction most appropriate, there are limits on that authority. For example, the power to order a dismissal or the entry of a default judgment, because such order deprives a party of a claim or defense without a hearing, is not unlimited. "[T]here are constitutional limitations upon the power of the Courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958). Consequently, if a party's failure to provide discovery or to comply with a court order is "due to an inability fostered neither by its own conduct nor by circumstances within its control," and therefore not due to "willfulness, bad faith, or any fault" on the part of that party, dismissal as a discovery sanction is inappropriate. *Id.* at 211, 212, 78 S.Ct. at 1095, 1095–96. On the other hand, where a party demonstrates bad faith by failing to

meet dates set by the Court for compliance with discovery, despite being warned about possible sanctions, the Court does not abuse its discretion in finding that such "callous disregard" of discovery orders justifies dismissal. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam).

■ In this circuit, an order imposing dismissal may be entered only if the Court makes an explicit finding that a party bears responsibility for failure to make discovery, and a written consideration of the various factors involved in entering such an order.

"Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith or fault.... [A] dismissal of a complaint with prejudice as a sanction for failure to cooperate in discovery must be 'accompanied by some articulation on the record of the Court's resolution of the factual, legal and discretionary issues presented.'" *Patton v. Aerojet Ordnance Co.,* 765 F.2d 604, 607 (6th Cir.1985), *quoting Quality Prefabrication, Inc. v. Daniel J. Keating Co.,* 675 F.2d 77, 81 (3rd Cir.1982).

In considering whether dismissal or default is an appropriate sanction, the following factors are important. First, the Court must assess the extent of the non-complying party's culpability and take into account any reasons that might justify the failure to make discovery. The Court must also consider the harm caused by non-compliance with discovery orders, including the harm which would result if open defiance of court orders were to go unpunished. The Court must also balance the severity of the sanction against the nature of the misconduct that has occurred, and determine whether it is the non-complying party, or that party's counsel, who is at fault in failing to comply with the discovery order or orders in question. *Pauley v. United Operating Co.,* 606 F.Supp. 520 (E.D.Mich. 1985).

■ Open and unequivocal defiance of a court order, however, is not the sole basis for a finding of bad faith or willful misconduct. The failure to respond to a court order, without justification, after being fully informed of the obligation to respond and the penalties for non-compliance can be deemed to be willful misconduct. *Brookdale Mill, Inc. v. Rowley,* 218 F.2d 728 (6th Cir.1954); *see also Hashemi v. Campaigner Publications, Inc.,* 737 F.2d 1538 (11th Cir.1984). Indeed, a prior warning that failure to cooperate in discovery may lead to dismissal is a factor to be considered in determining whether the court properly exercises its discretion in imposing discovery sanctions. *Taylor v. Medtronics, Inc.,* 861 F.2d 980 (6th Cir.1988). *Taylor* also cautions, however, that the court should consider sanctions less drastic than dismissal and, in some cases, may be required to impose such sanctions before dismissal as a discovery sanction is appropriate. *See also Regional Refuse Systems v. Inland Reclamation Co.,* 842 F.2d 150 (6th Cir.1988).

■ This is a truly unfortunate case. Thomas appears sincerely to believe not only that she was the victim of employment discrimination, but that she is the victim of ongoing harassment for having complained about that discrimination. Given the nature of some of her allegations, including claims that the defendants have hired people to harass her at other places of employment, to move into an adjoining apartment, and to try to kidnap her daughter, it would be difficult even for an experienced attorney to gather sufficient proof in order to persuade the court that these things actually occurred. It is also difficult, of course, for an unrepresented party to prosecute an employment discrimination case in federal court. The court is sensitive to this difficulty, and has attempted to advise Thomas both of the desirability of having an attorney prosecute this matter for her, and also of her obligations to participate in discovery so that the defendant can prepare to defend itself against the claims which she has made. Because she is *pro se,* the Court fully appreciates the need to make its orders clear.

The Magistrate Judge's order that Thomas appear at another deposition was clear. It directed her to make herself available upon reasonable notice, and to answer those questions which she declined to answer during the first session of her deposition. The court cannot conclude that Thomas misunderstood this order, and the affidavit presented by counsel for the defendant indicates clearly that she both understood it and deliberately refused to comply with it. Thomas' memorandum does not directly refute this. Rather, the only excuse that she has offered for refusing to comply with a court order was that she had other things to do. Clearly, that excuse is insufficient. Just as clearly, the court must conclude that Thomas' choice not to comply with the court order was deliberate, and that Thomas was aware that consequences would follow from that choice.

■ As noted above, the court does have the obligation to determine whether sanctions other than dismissal would appropriately address Thomas' refusal to reappear for her deposition. The Magistrate Judge's order advised her that sanctions in the form of attorneys' fees would be awarded for her previous unjustified refusal to answer questions. Obviously, the threat of a monetary penalty was not persuasive, and it is unlikely that Thomas has the assets to pay any significant monetary award. The court could, of course, direct that she be precluded from offering evidence with respect to the matters about which she refused to testify. There would be no significant difference between such an order and dismissal, however, because the matters about which she refused to testify relate directly to her claim of discrimination. Further, it would be impossible for defendant adequately to prepare for trial in this case without being able to take a complete deposition of the plaintiff. A plaintiff, even one representing herself, simply cannot make allegations of misconduct against the defendant and then refuse to provide further information about those allegations. Thus, dismissal appears to be the only appropriate sanction.

■ What really underlies the disposition of this case is the difference between Thomas' perception of the court system and the way that system is designed to operate. Private litigation is just that—a private undertaking between parties who cannot resolve their differences in any other manner, and for whom the court system is a way to resolve those differences in a certain manner which creates an enforceable conclusion to their dispute. In a civil case such as this one, the court is not an investigator of claims; it merely provides a forum for parties to present evidence, following which a binding decision is made. The rules governing the way in which evidence is collected and presented have been developed over hundreds of years, through experimentation, experience, and logic. As it currently exists, the system places a burden upon private parties in litigation to do their own investigation and to present facts sufficient to show that legal rights have been violated. Discovery provides the tools through which a party conducts that investigation, but it is the *party's* obligation—not the court's—both to conduct the investigation and to present the facts. Similarly, it is a party's obligation to cooperate in the investigative process by giving testimony, at deposition, that relates to any matter at issue in the case. If parties do not understand the court's function, its rules, and their own obligations, the judicial system may seem both confusing and unfair. Properly understood, it is neither.

Thomas' various pleadings clearly show that she expected this court to conduct a full investigation of her claims, and believed that her only obligation was to file a complaint alleging wrongdoing. That represents a fundamental misunderstanding of the role of the court. The court has no investigators. It has no funds appropriated to it by Congress to be used for the purpose of investigating the claims of private litigants. If it were to step outside its role as an adjudicative body, and conduct investigations, it would no longer be able to function as an impartial decider of the merits of claims and defenses presented to it. Investigation is left to the lawyers who prosecute the case or, in those instances

where a party is unrepresented, to that party. A party who either chooses not to hire a lawyer, or who is unable to hire one, cannot expect the court to abandon its role as an impartial adjudicator simply because there is no lawyer present. Although this court has special obligations to unrepresented parties, including making clear to those parties what their obligations are, and what the consequences of failing to fulfill those obligations will be, in the long run the same rules which apply to cases in which lawyers are present apply to cases in which lawyers are absent. One of those rules, made clear to Thomas, is the need for a party who has claimed wrongdoing on the part of another to appear at a deposition and to testify truthfully as to facts within her knowledge which support those claims. If a party chooses not to fulfill that obligation, even after a clear court order is issued, that party is not treated unfairly if the case is dismissed.

Based upon the above, the court concludes that Thomas has intentionally, and without legal justification, disregarded a court order relating to discovery. The court further concludes that the only available sanction which is appropriate to address that violation is dismissal of this action with prejudice. Consequently, the defendant's motion to dismiss is GRANTED. This action is DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment in favor of the defendant.