**CAMBRIDGE PRODUCTS, LTD., and Naremco, Inc.**

v.

**PENN NUTRIENTS, INC.**

Civ. A. No. 88–4423.

United States District Court, E.D. Pennsylvania.

June 26, 1990.

Alan S. Gold, Philadelphia, Pa., for plaintiffs.

Richard O. Church, Reading, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendant Penn Nutrients, Inc. filed a motion for an award of attorneys fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and 35 U.S.C. § 285.[1] In response, plaintiffs argue that this court lacks jurisdiction over defendant's motion because the motion was filed after this action was dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Therefore, the threshold issue which I must decide is whether I have jurisdiction to consider defendant's motion for an award of attorneys fees.

### I. BACKGROUND

In June 1988, plaintiffs filed a complaint alleging that defendant was infringing their patent. At issue was a method patent describing a method of preparing and mixing into poultry feed methylrosaniline chloride, also known as gentian violet, which is a mold and fungi inhibiting substance. Plaintiff Naremco, Inc. ("Naremco") is the assignee of the patent. Pursuant to the patented process, Naremco manufactures and sells through its marketing agent, plaintiff Cambridge Products, Inc. ("Cambridge"), a gentian violet mold inhibitor under the trade-name GV–11.

---

1. In reality, defendant's motion is two motions in one. It is a motion for sanctions under Rule 11 and a motion for attorneys fees under 35 U.S.C. § 285.

Section 285 of Title 35 of the United State Code, entitled "Attorney fees," provides that, in exceptional patent cases, the court "may award reasonable attorney fees to the prevailing party."

On February 20, 1990, plaintiffs filed a motion pursuant to Rule 41(a)(2) seeking a court order dismissing plaintiffs' complaint. Plaintiffs filed their motion to dismiss because the United States Food and Drug Administration had announced efforts to remove poultry feed additives containing gentian violet from the marketplace. In light of impending financial troubles and a patent with questionable value, plaintiffs decided not to pursue any pending litigation involving the patent at issue.

Pursuant to an order dated February 26, 1990 and entered by the Clerk on March 1, 1990, I granted plaintiffs' motion to dismiss under Rule 41(a)(2). On March 26, 1990, defendant Penn Nutrients filed a motion for an award of attorneys fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and 35 U.S.C. § 285.[2]

In response to defendant's motion, plaintiffs argue that this court lacks jurisdiction over defendant's motion because it was filed after the action was dismissed. Plaintiffs request that, if this court decides that it has jurisdiction to consider the merits of defendant's motion, they be granted "a reasonable amount of additional time to respond substantively" to defendant's motion.

## II. DISCUSSION

■ The Supreme Court of the United States recently decided in *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), that a voluntary dismissal under Rule 41(a)(1)(i) does *not* deprive a district court of jurisdiction over a Rule 11 motion.

In *Cooter & Gell,* the law firm of Cooter & Gell (petitioner), in its capacity as counsel for Danik, Inc., which owned and operated a number of discount men's clothing stores in the Washington, D.C. area, filed a complaint in November 1983 against Hartmarx Corp. (respondent) alleging "a nationwide conspiracy to fix prices and to eliminate competition through an exclusive re-

tail agent policy and uniform pricing scheme, as well as other unfair competition practices such as resale price maintenance and territorial restrictions." *Id.* —— U.S. at ——, 110 S.Ct. at 2452. Hartmarx moved to dismiss the complaint, asserting that petitioner's complaint had no basis in fact. At the same time, Hartmarx also moved for sanctions under Rule 11.

In April 1984, petitioner filed a notice of voluntary dismissal of the complaint pursuant to Rule 41(a)(1)(i). In July 1984, the dismissal became effective after the district court granted petitioner's motion to dispense with the notice of dismissal to putative class members. In June 1984, before the dismissal became effective, the district court heard oral argument on respondent's motion for sanctions under Rule 11 and took the matter under advisement. In February 1987, over three and a half years after its hearing on the motion and dismissal of the complaint, the district court granted respondent's motion for Rule 11 sanctions, concluding that petitioner's prefiling inquiry was grossly inadequate.

The Circuit Court of Appeals for the District of Columbia affirmed the district court's imposition of Rule 11 sanctions. *Danik, Inc. v. Hartmarx Corp.*, 875 F.2d 890 (D.C.Cir.1989).

Before the United States Supreme Court decided the jurisdictional issue of whether the dismissal of the action pursuant to Rule 41(a)(1)(i) divested the district court of jurisdiction to consider a Rule 11 motion, the Court analyzed the purpose of the Rule 11, as it is currently drafted:

It is now clear that the central purpose of Rule 11 is to deter baseless filings in District Court and thus ... streamline the administration and procedure of the federal courts. Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and "not interposed for any im-

---

**2.** Because I conclude that I have jurisdiction to consider defendant's motion even though it was filed after dismissal of the complaint, I look only to two relevant dates—the date that my order granting plaintiffs' motion to dismiss was entered by the Clerk and the date that defendant filed its motion for an award of attorneys fees pursuant to Rule 11 and 35 U.S.C. § 285.

proper purpose." An attorney who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction." ... Although the rule must be read in light of concerns that spawn satellite litigation and chill vigorous advocacy, any interpretation must give effect to the rule's central goal of deterrence.

*Id.* —— U.S. at ——, 110 S.Ct. at 2454 (citations omitted).

In order to promote Rule 11's central goal of deterrence, the Court concluded that a district court must retain jurisdiction to decide a Rule 11 motion even after the dismissal of the underlying action. *Id.* —— U.S. at ——, 110 S.Ct. at 2455–57. The Court reasoned that a Rule 11 violation occurs upon a baseless filing and, therefore, a litigant who violates Rule 11 should be sanctioned even after dismissal of the action. *Id.* —— U.S. at ——, 110 S.Ct. at 2457–58. The Court stated that, "[i]f a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to 'stop, think, and investigate more carefully before serving and filing papers.'" Hence, the Court concluded that the voluntary dismissal of an action did not divest the district court of jurisdiction to consider the Rule 11 motion.

*Cooter* is procedurally distinguishable from the present case in two significant respects. First, in *Cooter*, plaintiff/petitioner filed a notice of dismissal pursuant to Rule 41(a)(1). In the present case, plaintiff filed a motion to dismiss pursuant to Rule 41(a)(2). Second, in *Cooter*, defendant/petitioner filed its motion for sanctions prior to the voluntary dismissal of the complaint. In the present case, defendant did not file its motion for sanctions until approximately one month after the voluntary dismissal of the complaint. In light of the reasoning of the Supreme Court in *Cooter*, however, these procedural differences are inconsequential.

Rule 41(a) is entitled "Voluntary Dismissal: Effect Thereof." Whether a plaintiff voluntarily dismisses its complaint pursuant to Rule 41(a)(2), as opposed to Rule 41(a)(1), depends upon whether defendant has answered the complaint or filed a motion for summary judgment. If the defendant has *not* yet filed an answer or a motion for summary judgment, then plaintiff may voluntarily withdraw its complaint under Rule 41(a)(1) either (i) by filing a notice of dismissal or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Otherwise, plaintiff must voluntarily withdraw its complaint under Rule 41(a)(2) by filing a motion for dismissal seeking an order from the court approving the voluntary dismissal.

Under the circumstances of a case involving a voluntary dismissal by plaintiff pursuant to Rule 41, the Rule 11 motion is brought by a defendant alleging that plaintiff's complaint has no basis in fact. Therefore, whether a district court retains jurisdiction to consider a Rule 11 motion should *not* depend upon whether the defendant has filed a motion to dismiss, rather than an answer or motion for summary judgment. As the Supreme Court reasoned in *Cooter*, the harm triggering Rule 11 concerns occurs upon the filing of a baseless complaint or motion and, thus, a litigant who violates Rule 11 should be sanctioned even after dismissal of the complaint. Consequently, I conclude that the Supreme Court's reasoning in *Cooter* is equally applicable to a voluntary dismissal pursuant to Rule 41(a)(2).

I further conclude that the fact that defendant did not file its motion for sanctions under Rule 11 until one month after the action was dismissed does *not* divest this court of jurisdiction to consider defendant's motion. In *Cooter*, the Supreme Court noted:

Although Rule 11 does not establish a deadline for the imposition of sanctions, the Advisory Committee did not contemplate there would be a lengthy delay prior to their imposition, such as occurred in this case. Rather, "it is anticipated that in the case of pleadings the sanctions issue[d] under Rule 11 normally will be determined at the end of litigation, and in the case of motions at the

time when the motion is decided or shortly thereafter."

*Id.* — U.S. at ——, 110 S.Ct. at 2457 (quoting the Advisory Committee Note on Rule 11, 28 U.S.C.App., p. 576).

Defendant filed its motion for sanctions under Rule 11 within one month of the date that plaintiff's motion to dismiss under Rule 41(a)(2) was granted. I conclude that a one-month delay between the signing of the order dismissing the complaint and the filing of the motion for sanctions is reasonable under the circumstances. Moreover, the filing of defendant's motion for sanctions was close enough in time to the termination of the action so as not to prejudice the plaintiffs.

 Insofar as defendant's motion is a motion for attorney fees brought pursuant to 35 U.S.C. § 285, it is well established that a district court may consider collateral issues, such as motions for costs and attorneys fees, after an action is no longer pending. *Id.* — U.S. at ——, 110 S.Ct. at 2455–57. Motions for costs and attorneys fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." *Id.* (quoting *Sprague v. Ticonic National Bank,* 307 U.S. 161, 170, 59 S.Ct. 777, 782, 83 L.Ed. 1184 (1939).

### III. CONCLUSION

In light of the Supreme Court decision in *Cooter,* and the fact that I may consider a motion for attorneys fees after an action is no longer pending, I conclude that I have jurisdiction over defendant's motion for attorneys fees under Rule 11 and 35 U.S.C. § 285. Consequently, I shall grant plaintiffs time to respond substantively to defendant's motion.

An appropriate order follows. ·

### ORDER

Upon consideration of defendant's motion for attorneys fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and 35 U.S.C. § 285, plaintiffs' responses, the parties supporting memoranda, and for the reasons stated in the attached memorandum,

IT IS ORDERED THAT:

1. Plaintiffs shall file a substantive response to defendant's motion for an award of attorneys fees within twenty (20) days of the date this order is docketed by the Clerk.

2. Defendant shall respond within ten (10) days from the date of service.