**Jack ROBINSON, Plaintiff,**

v.

**Mrs. Duncan ENG, et al., Defendants.**

**No. 4:CV92–3268.**

United States District Court,
D. Nebraska.

Feb. 24, 1993.

Jack L. Robinson, pro se.

David E. Cygan, Dawson, Brown Law Firm, Lincoln, NE, for Elizabeth Angle, Thomas Dawson and William Hilton, Attorneys at Law.

Lawrence L. Doolittle, Atty. Gen., Dept. of the Law, Albany, NY, for Committee on Professional Standards, State of N.Y., Third Judicial Dept., and Robert W. Kahn, Mr. Inc.

Michael K. Maggs, Englert, Stillman Law Firm, Schenectady, NY, for Dennis Englert.

Randall L. Goyette, Baylor, Evnen Law Firm, Lincoln, NE, for Glenville, Town of, New York.

Raymond E. DeMatteo, Jr., Raymond DeMatteo, Schenectady, NY, for Raymond DeMatteo, Attorney at Law.

Robert A. De Paula, Schenectady County Atty., Schenectady, NY, for District Attorney's Office, County of Schenectady.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

Assigned to me by the trial judge are the pending motions for sanctions filed by various defendants in this action. (Filings 5, 7, 9, 42 and 46). For reasons stated more fully below, I shall grant the motions.

### I. Background

Plaintiff filed this *pro se* civil rights action on July 29, 1992 (filing 1). The original complaint suffered from a number of deficiencies. Specifically, the allegations of the complaint were so disjointed and obscure that the complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Moreover, the allegations with respect to each of the named defendants were fatally flawed. Without exception, the defendants named either were not proper defendants in an action brought pursuant to 42 U.S.C. § 1983, there were no allegations suggesting they were proper defendants in a § 1983 action, or there were no allegations suggesting this court could exercise personal jurisdiction over them. *See* filing 2. Plaintiff was given leave to file an amended complaint in which to, if possible, remedy the noted deficiencies.

Although plaintiff's amended complaint (filing 33) failed to cure the noted deficiencies with respect to the named defendants, the overall nature of his claim became more apparent. The allegations of the amended complaint centered around a child custody battle between plaintiff and his former wife, defendant Ilse Eng (Ilse). The complaint indicated that Ilse had been granted custody of their daughter by a New York court following their divorce. Ilse, with permission of the court, moved with their daughter first to Vermont and then to California. Plaintiff evidently made numerous attempts in New York and California to win custody of his daughter, and although he obtained temporary custody on two occasions, his attempts at securing permanent custody of the child have been unsuccessful.

As with the original complaint, the amended complaint was filed against most of the states, courts, attorneys and individuals who have been involved over the years in some aspect of the on-going custody dispute. Because the amended complaint failed to remedy the noted deficiencies with respect to the named defendants, I recommended the action be dismissed as against all defendants. (Filing 48). The recommendation of dismissal was adopted, and the action dismissed by the trial judge on November 20, 1992. (Filing 50). Plaintiff has appealed the dismissal. (Filing 51).

While the action was pending in this court, various defendants filed, *inter alia,* motions requesting sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Filings 5, 7, 9, 42 and 46). These pending motions were not addressed in the judgment of dismissal, and have not yet been considered by this court.

### II. District Court's Jurisdiction to Dispose of Motions for Sanctions

■ Following the judgment of dismissal, plaintiff filed a timely notice of appeal (filing 51). Although the effective filing of a notice of appeal generally transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal, *see Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam), plaintiff's decision to appeal the dismissal of his § 1983 action did not divest this court of jurisdiction to consider and dispose of the pending motions for Rule 11 sanctions.

■ I note initially that motions requesting Rule 11 sanctions present issues collateral to the merits of the underlying action:

> Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney [or party] has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

*Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d

359 (1990). *Accord Willy v. Coastal Corp.,* —— U.S. ——, ——, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992) (because Rule 11 sanctions are collateral, district court may impose such sanctions in a case where it is later determined the district court was without subject matter jurisdiction); *Lupo v. R. Rowland and Co.,* 857 F.2d 482, 485 (8th Cir. 1988) (like motion for attorney fees, Rule 11 motion raises a collateral and independent issue not integral to the merits of an action), *cert. denied,* 490 U.S. 1081, 109 S.Ct. 2101, 104 L.Ed.2d 662 (1989).

A number of circuit courts, including the Eighth Circuit, have held that a district court retains jurisdiction over "collateral" matters, such as motions requesting Rule 11 sanctions and motions requesting attorney's fees, even though final judgment on the underlying action has been entered and is pending on appeal. *See, e.g., Regional Refuse Systems v. Inland Reclamation Co.,* 842 F.2d 150, 156 (6th Cir.1988) (district court retains jurisdiction to decide pending Rule 11 motion while appellate court is considering the dismissal of the action on appeal); *United Energy Owners Comm., Inc. v. United States Energy Management Sys., Inc.,* 837 F.2d 356, 358 (9th Cir.1988) (district court retains jurisdiction to impose Rule 11 sanctions even though plaintiff's appeal from judgment of dismissal is pending); *Garcia v. Burlington Northern R.R. Co.,* 818 F.2d 713, 721 (10th Cir.1987) (even after timely notice of appeal is filed, district court retains jurisdiction to determine collateral matters such as propriety and amount of attorney's fees); *Langham–Hill Petroleum Inc. v. Southern Fuels Co.,* 813 F.2d 1327, 1328–29 (4th Cir.) (district court has jurisdiction to award Rule 11 sanctions after notice of appeal had been filed), *cert. denied,* 484 U.S. 829, 108 S.Ct. 99, 98 L.Ed.2d 60 (1987); *Thomas v. Capital Sec.*

*Serv. Inc.,* 812 F.2d 984, 987 (5th Cir.1987) (district court retains jurisdiction to resolve a motion for attorney's fees or Rule 11 sanctions even while appeal on merits of action is pending in court of appeals); *Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 956 (9th Cir.1983) (district court retains jurisdiction to award attorney's fees after plaintiff filed notice of appeal from decision on the merits); *Obin v. District No. 9 of the Int'l. Assoc. of Machinists and Aerospace Workers,* 651 F.2d 574, 583 (8th Cir.1980) (there is no question that district court retains jurisdiction to pass upon a claim for attorney's fees even though notice of appeal on the merits of the action has been filed) [1]; *Bergeson v. Dilworth,* 749 F.Supp. 1555 (D.Kan.1990) (filing notice of appeal does not divest district court of jurisdiction over collateral matters such as Rule 11 sanctions). *See also Perkins v. General Motors Corp.,* 965 F.2d 597, 599 (8th Cir.1992) (implying that district court had jurisdiction to consider Rule 11 sanctions while substantive claims of Title VII action were on appeal to the Eighth Circuit), *cert. denied,* —— U.S. ——, 113 S.Ct. 654, 121 L.Ed.2d 581 (1992).[2]

Because it is clear Rule 11 proceedings are collateral to the underlying action, I conclude, based upon the above-cited authority, that this court retains jurisdiction to consider and dispose of defendants' pending Rule 11 motions even though plaintiff has filed a notice of appeal on the merits of his § 1983 action. This court's important interests [3] in having the rules of procedure obeyed did not disappear when plaintiff appealed the order of dismissal. The pending Rule 11 motions were filed at a time when this court unquestionably had jurisdiction over the action, and federal courts retain jurisdiction to consider collateral issues even after the underlying

---

**1.** The Eighth Circuit has further instructed that orders on collateral issues are separately appealable as a final judgment and may later be consolidated with any pending appeal on the merits of the underlying action. *Obin,* 651 F.2d at 584. *See also United Energy Owners Comm., Inc. v. United States Energy Management Sys., Inc.,* 837 F.2d 356, 358 (9th Cir.1988) (if district court rules on a Rule 11 motion early in the course of a pending appeal on the merits and the Rule 11 order is appealed, the two appeals may be consolidated).

**2.** In *Perkins,* the opinion makes clear that the trial court continued to entertain arguments on Rule 11 sanctions while the substantive aspects of the trial verdict were being reviewed by the Eighth Circuit on appeal. *Id.* at 598.

**3.** *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) (the central purpose of Rule 11 is to deter baseless filings in the district courts).

action is no longer pending. *Perkins v. General Motors Corp.*, 965 F.2d at 599 (citing *Willy v. Coastal Corp.*, —— U.S. at ——, 112 S.Ct. at 1080). *See also Cooter & Gell v. Hartmarx*, 496 U.S. at 395–97, 110 S.Ct. at 2455–57.[4]

### III. Authority of Magistrate Judge to Determine Rule 11 Sanctions

#### A. "Dispositive" v. "Nondispositive"

■ Although the authority of a magistrate judge to impose Rule 11 sanctions often has gone unquestioned in the past,[5] a controversy appears to have emerged recently on this issue. *Compare generally Maisonville v. F2 America, Inc.*, 902 F.2d 746 (9th Cir. 1989) (Rule 11 sanctions are nondispositive and magistrate judge has authority to impose such sanctions), *cert. denied*, 498 U.S. 1025, 111 S.Ct. 674, 112 L.Ed.2d 666 (1991), with *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir.1992) (per curiam) (Rule 11 motion is "claim" of party; thus magistrate judge lacks authority to dispose of such a claim by ruling upon the sanctions motion). After careful examination of 28 U.S.C. § 636(b), Rule 72(a) of the Federal Rules of Civil Procedure, Local Rule 72 and the relevant case law, I conclude a magistrate judge has the authority to issue orders resolving Rule 11 issues.

Section 636(b)(1)(A) provides that, with the exception of eight expressly delineated matters considered by Congress to be "dispositive" of a party's claim or defense, *see United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424 (1980), a magistrate judge can hear and determine "any" pretrial matter pending before the court.[6] Thus, the authority of a magistrate judge to determine Rule 11 sanctions pursuant to § 636(b)(1)(A) turns generally upon whether such sanctions are considered "dispositive" or "nondispositive."

The terms "dispositive" and "nondispositive" are found nowhere in the language of § 636, but were included by Congress in the language of Rule 72 of the Federal Rules of Civil Procedure, which provides in relevant part:

> A magistrate to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter.

*Fed.R.Civ.P.* 72(a). Although Rule 72 makes no express reference to § 636, the Advisory Notes make clear that when Congress included the term "nondispositive" in Rule 72(a), it was referring specifically to those matters not expressly exempted in § 636(b)(1)(A). *See* Advisory Committee Notes on Rule 72 (stating that Rule 72(a) addresses "referrals of nondispositive matters under 28 U.S.C. § 636(b)(1)(A).") The legislative history of § 636 confirms that Congress considered all preliminary procedural matters not expressly delineated in § 636(b)(1)(A) to be nondispositive, and therefore properly assigned to a magistrate judge for determination. *See, e.g.*, H.R.Rep. No. 94–1609, 94th Cong., 2d Sess., 10–11 (1976) (Congress intends that magistrates shall have the power to determine any pretrial matter except the motions specifically enumerated in § 636(b)(1)(A) which Congress considers "dispositive of the

---

**4.** I note it is not unusual for this court to be considering Rule 11 sanctions following judgment of dismissal. Indeed, this appears to be the approach contemplated by the Advisory Committee:

> [I]t is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation....

Advisory Committee Note on Rule 11.

**5.** *See, e.g., Mylett v. Jeane*, 879 F.2d 1272 (5th Cir.1989) (magistrate judge's imposition of Rule 11 sanctions not questioned); *Federal Trade Comm'n v. Amy Travel Service, Inc.*, 894 F.2d 879

(7th Cir.1989) (magistrate judge imposed Rule 11 sanctions; authority to do so not addressed).

**6.** Magistrate judges do not have authority under § 636(b)(1)(A) to determine a motion requesting: (1) injunctive relief; (2) judgment on the pleadings; (3) summary judgment; (4) dismissal or quashing of an indictment or information; (5) suppression of evidence in a criminal case; (6) dismissal or permission to maintain a class action; (7) dismissal for failure to state a claim upon which relief may be granted; and (8) involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A).

litigation").[7] Thus, both the Federal Rules of Civil Procedure and the legislative history of § 636(b) support the conclusion that magistrate judges have authority to determine any preliminary matter not expressly excepted in § 636(b)(1)(A).[8] Because Rule 11 sanctions are not expressly excepted in § 636(b)(1)(A), they are properly characterized as nondispositive.

Furthermore, although the determination of a Rule 11 motion admittedly disposes of the Rule 11 issue itself, such a determination ought not be considered "dispositive" within the meaning of § 636(b)(1)(A) and *Fed. R.Civ.P.* 72, because such a ruling does not dispose of a party's "claim or defense." Congress clearly has not chosen to categorize as "dispositive" any ruling that resolves an issue.[9] Rather, it is only those rulings which finally resolve a party's "claim or defense" which are considered "dispositive" within the meaning of § 636(b) and *Fed.R.Civ.P.* 72. *See Fed.R.Civ.P.* 72(b).

It is clear that the imposition of Rule 11 sanctions, a matter which the Supreme Court has clearly characterized as an issue "collateral" to the claims and defenses of the underlying action, should not be misconstrued as a judgment on the merits of a party's claim or defense. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. at 396, 110 S.Ct. at 2456. Thus, antithetic to rulings which are dispositive of the claims or defenses involved in the underlying action, *see, e.g.,* 28 U.S.C. § 636(b)(1)(A), the imposition of Rule 11 sanctions "does not signify a district court's assessment of the legal merits of the complaint," *Cooter & Gell,* 496 U.S. at 396, 110 S.Ct. at 2456, and therefore should not be construed as addressing, much less resolving, the claims or defenses involved in the underlying action.[10]

■ Lending further support to the conclusion that a request for Rule 11 sanctions ought not be characterized as a "claim" within the meaning of *Fed.R.Civ.P.* 72 is the fact that judicial determination of a Rule 11 issue does not bar, on res judicata or collateral estoppel grounds, future litigation of the same issues in a subsequent action. *See Cohen v. Lupo,* 927 F.2d 363, 365 (8th Cir.) (award of Rule 11 sanctions has no res judicata effect in malicious prosecution action), *cert. denied,* —— U.S. ——, 112 S.Ct. 180, 116 L.Ed.2d 142 (1991); *Amwest Mortgage Corp. v. Grady,* 925 F.2d 1162, 1164–65 (9th Cir. 1991) (denial of Rule 11 sanctions has no collateral estoppel effect in subsequent action

7. Thus, although the term "dispositive" is found nowhere in § 636(b), it has nonetheless become a vernacular buzzword used as a shorthand way of referring to the eight exceptions listed in § 636(b)(1)(A).

8. Additionally, the Local Rules of this court expressly define "nondispositive" matters as those "not excepted by § 636(b)(1)(A)." *See* NELR Rule 72.3(b). I note that this court provides by Local Rule that "all pretrial procedural and discovery motions" be routinely assigned to a full-time magistrate judge for determination. Local Rule 72.2(b).

9. Indeed, if this were the case magistrate judges would not have authority to "hear and determine" much of what dominates their dockets on a daily basis. Magistrate judges in this court, and undoubtedly many other district courts, routinely enter orders which have the effect of disposing of many litigation issues. For instance, magistrate judges enter: (1) orders denying requests to proceed in forma pauperis; (2) progression orders setting discovery deadlines and trial dates; (3) orders granting and denying discovery motions; (4) orders denying motions to join additional parties; (5) orders denying motions to amend for purposes of adding a claim or defense; (6) orders striking pleadings for failure to comply with *Fed.R.Civ.P.* 8; (7) orders striking exhibits or witnesses for failure to comply with the court's progression order under *Fed.R.Civ.P.* 16; (8) preclusion orders prohibiting the use of certain exhibits or testimony at trial as a discovery sanction under rule 37; (9) protective orders under *Fed.R.Civ.P.* 26(c); (10) orders transferring cases to other districts or to the Panel on Multi-District Litigation; (11) orders voluntarily dismissing claims or entire actions; and (12) garnishment orders pursuant to *Fed.R.Civ.P.* 69. Of course, this list is not intended to be exhaustive and certainly there are a host of additional orders routinely and properly entered by magistrate judges which dispose of litigation issues.

10. Certainly the fact that one can invoke the protection of Rule 11 only by motion indicates that Rule 11 issues are not "claims" in the typical sense of the word. *See, e.g., Cohen v. Lupo,* 927 F.2d 363 (8th Cir.1991) (Rule 11 sanctions are procedural in nature and must be sought by motion in a pending case; there can be no independent cause of action instituted for Rule 11 sanctions) (citing *Port Drum Co. v. Umphrey,* 852 F.2d 148 (5th Cir.1988)).

for conspiracy, malicious prosecution, libel and intentional infliction of emotional distress). *See also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. at 396, 110 S.Ct. at 2456 (the imposition of Rule 11 sanctions indicating that a complaint is not legally tenable or factually well founded for Rule 11 purposes does not signify a district court's assessment of the legal merits of the complaint and thus does not preclude refiling of the complaint).

Lastly, I note the determination of the Rule 11 issue in this case follows dismissal of plaintiff's action. It is difficult to see how, at this stage in the proceedings, a determination on the Rule 11 issue could in any way be considered dispositive of a party's claim or defense.[11]

### B. "Pretrial" Matters

It should be mentioned that a magistrate judge's authority to determine nondispositive matters under § 636(b)(1)(A) applies only to "pretrial matters." While I recognize that not every Rule 11 motion can be neatly placed into the category of matters commonly referred to as "pretrial matters,"[12] the Rule 11 motions in this case may properly be characterized as pretrial matters.

■ The legislative history of § 636(b) makes clear that the term "pretrial matters" includes a great variety of motions and matters which arise in the preliminary processing of a case. H.R.Rep. No. 94–1609, 94th Cong., 2d Sess., 9 (1976). Courts considering the meaning of the term "pretrial" in § 636(b) have not interpreted the term literally with respect to the time of trial, but rather have interpreted the term to refer generally to matters unconnected to the issues litigated at trial. *See, e.g., United States v. Flaherty*, 668 F.2d 566, 586 (1st Cir.1981) (concluding the term "pretrial matter" is not limited to matters occurring and ending before trial, but includes those matters unconnected to issues litigated at trial); *Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. Unit a 1981) (magistrate judge's postjudgment award of discovery expenses was still considered a pretrial matter pending before the court); *Bergeson v. Dilworth*, 749 F.Supp. 1555 (D.Kan.1990) (magistrate judge has authority under § 636(b)(1)(A) to impose postjudgment Rule 11 sanctions because, broadly construed, the term "pretrial matter" means any matter unrelated to the claims litigated at trial); *Johnson v. Old World Craftsmen*, 638 F.Supp. 289, 291 (N.D.Ill.1986) (postjudgment motion for attorney's fees is not "pretrial" in temporal sense, but nonetheless should be considered a pretrial matter because it is not related to the substantive claims addressed in the action). Furthermore, in this instance the Rule 11 motions were filed during the preliminary stages of the case; they relate solely to the plaintiff's complaint, and are rightly classified as pretrial matters. The fact that determination of these Rule 11 motions is taking place following dismissal of the action is of little significance, and does not transform the motions from preliminary procedural matters into posttrial matters.[13]

---

11. I recognize that it would be overgeneralizing to assert that every Rule 11 sanction will, without exception, be properly characterized as nondispositive. Admittedly, there would be serious questions surrounding the authority of a magistrate judge to impose as a Rule 11 sanction one of the matters expressly excepted in § 636(b)(1)(A), such as involuntary dismissal. However, in this and most cases, the imposition of sanctions under Rule 11 will be monetary in nature, and thus clearly nondispositive. Therefore, I shall not speculate as to the outer limits of a nondispositive sanction under Rule 11.

12. For instance, although courts across the country differ on when a Rule 11 motion must be filed, some Rule 11 motions are not filed until after the conclusion of the underlying case. *See Hicks v. Southern Md. Health Sys. Agency*, 805 F.2d 1165, 1166 (4th Cir.1986) (granting Rule 11 sanctions when motion filed after conclusion of appeal on the merits); *Cambridge Products, Ltd. v. Penn Nutrients, Inc.*, 131 F.R.D. 464, 465–66 (E.D.Pa.1990) (considering Rule 11 motion filed one month after dismissal).

13. Lending further support to the conclusion that magistrate judges have authority to determine, postjudgment, matters which arose pretrial, is the language of § 636(b) itself. Congress did not draft § 636(b)(1)(A) to grant a magistrate judge the authority "to hear and determine prior to trial any pending matter;" rather, Congress drafted the statute to grant a magistrate judge the authority to "hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A).

## C. "Additional Duties"

■ However, even if Rule 11 motions are viewed as something other than pretrial matters, a magistrate judge nonetheless has authority to impose such sanctions pursuant to the "additional duties" provision of § 636(b) which provides:

A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

28 U.S.C. § 636(b)(3). The Supreme Court has instructed that this grant of authority does not encompass *any* assignment that is not explicitly prohibited by federal law or the Constitution; rather, "[a]ny additional duties performed pursuant to a general authorization in the statute reasonably should bear some relation to the specified duties." *Peretz v. United States*, — U.S. —, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) (quoting *Gomez v. United States*, 490 U.S. 858, 863–64, 109 S.Ct. 2237, 2240–41, 104 L.Ed.2d 923 (1989)). Thus, the authority of a magistrate judge to hear and determine Rule 11 motions under § 636(b)(3) turns upon whether Rule 11 motions are "comparable in importance" to the specified duties Congress authorized magistrate judges to perform. *Peretz*, — U.S. at —, 111 S.Ct. at 2666. Because determination of Rule 11 sanctions bears a very close relation to determination of discovery sanctions under *Fed.R.Civ.P.* 37,[14] and the two are comparable in importance,[15] I conclude magistrate judges possess authority to impose Rule 11 sanctions not only under § 636(b)(1)(A), but also under the additional duties provision of § 636(b)(3).

## D. Relevant Case Law

Of those courts having considered the issue of a magistrate judge's authority to impose Rule 11 sanctions, the overwhelming majority has concluded that Rule 11 sanctions are properly characterized as nondispositive, and thus, pursuant to 28 U.S.C. § 636(b)(1)(A) and *Fed.R.Civ.P.* 72(a), a magistrate judge has authority to issue orders resolving Rule 11 issues. *See Maisonville v. F2 America, Inc.*, 902 F.2d 746 (9th Cir. 1989), *cert. denied*, 498 U.S. 1025, 111 S.Ct. 674, 112 L.Ed.2d 666 (1991); *San Shiah Enterprise Co., Ltd. v. Pride Shipping Corp.*, 783 F.Supp. 1334, 1335 (S.D.Ala.1992) (magistrate judge has authority to impose Rule 11 sanctions under § 636(b)(1)(A) and *Fed. R.Civ.P.* 72(a)); *La Preferida, Inc. v. Cer-*

---

**14.** Because discovery sanctions are undoubtedly "pretrial matters" and are not expressly exempted by § 636(b)(1)(A), determination of Rule 37 discovery sanctions fall neatly into the category of "specified duties" of magistrate judges. Lending further support to this conclusion is the fact that the Local Rules of this court expressly assign to magistrate judges the responsibility of determining "all pretrial procedural and discovery motions...." Local Rule 72.2(b). I note further that courts having considered the matter have concluded that magistrate judges possess authority to determine Rule 37 discovery sanctions. *See Grimes v. City and County of San Francisco*, 951 F.2d 236, 240–41 (9th Cir.1991) (finding no material distinction between Rule 11 sanctions and Rule 37 sanctions, and holding that magistrate judges have authority under § 636(b)(1)(A) to impose discovery sanctions); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522 (2d Cir.) (monetary sanctions pursuant to Rule 37 usually are committed to the discretion of the magistrate and are reviewable by the district court under the "clearly erroneous or contrary to law" standard), *cert. denied*, 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990); *Ocelot Oil Corporation v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir.1988) (discovery is clearly a pretrial matter, and magistrate judges have general authority to order nondispositive

discovery sanctions under Rule 37); *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1016–17 (5th Cir.1981) (magistrate judge has authority under § 636(b)(1)(A) to impose discovery sanctions under Rule 37); *Yatani v. Immigration and Naturalization Service*, No. CV87–2240 (E.D.N.Y.1990) (magistrate judges have authority to impose nondispositive discovery sanctions pursuant to Rule 37) (text available on WESTLAW, 1990 WL 72632); *LeBarron v. Haverhill Cooperative School District*, 127 F.R.D. 38, 40 (D.N.H.1989) (magistrate judge's imposition of discovery sanctions under Rule 37 reviewed under "clearly erroneous or contrary to law" standard); *Devore & Sons, Inc. v. Aurora Pacific Cattle Company*, 560 F.Supp. 236, 238 (D.Kan. 1983) (magistrate judge has authority to impose Rule 37 sanction striking defendant's counterclaim).

**15.** Like the imposition of Rule 11 sanctions, the imposition of a discovery sanction under Rule 37 is not a judgment on the merits of an action; rather, it is a procedural matter which requires the determination of a collateral issue: whether the party has abused the discovery process, and if so, what sanction would be appropriate. *Cf. Cooter & Gell v. Hartmarx Corp.*, 496 U.S. at 396, 110 S.Ct. at 2456.

*veceria Modelo, S.A. de C.V.*, No. 86–C–2647 (N.D.Ill.1992) (concluding *Fed.R.Civ.P.* 72(a) authorizes magistrate judges to determine nondispositive pretrial matters including motions for sanctions under Rule 11) (text available on Westlaw, 1992 WL 58760); *Bergeson v. Dilworth*, 749 F.Supp. 1555, 1561–1563 (D.Kan.1990) (because Rule 11 motions are not dispositive of a claim or defense, magistrate judge has authority to impose such sanctions); *Klapper v. Commonwealth Realty Trust*, 657 F.Supp. 948, 952 (D.Del.1987) (Rule 11 sanctions are nondispositive and reviewed by district court under "clearly erroneous or contrary to law" standard); *Moore v. Secretary of Health and Human Services*, 651 F.Supp. 514, 515 (E.D.Mich. 1986) (court will not overturn magistrate judge's imposition of Rule 11 sanctions unless the ruling was clearly erroneous or contrary to law); *Adkins v. Mid–American Growers, Inc.*, 143 F.R.D. 171 (N.D.Ill.1992) (holding that Rule 11 motions are nondispositive and reviewed under the "clearly erroneous or contrary to law" standard).[16]

However, a panel of the Sixth Circuit recently rejected this line of authority. *Bennett v. General Caster Service of N. Gordon Co.*, 976 F.2d 995 (6th Cir.1992) (per curiam).[17] In a per curiam opinion, the panel held that because the magistrate judge's imposition of monetary sanctions under Rule 11 essentially disposed of the Rule 11 matter, the order was dispositive of a party's "claim" and thus beyond the authority of a magistrate judge. The reasoning of the Sixth Circuit panel in *Bennett* is fundamentally flawed in a number of respects.

The panel begins by noting that "[n]othing in the Act expressly vests magistrate judges with jurisdiction to enter orders imposing Rule 11 sanctions on parties." *Bennett*, 976 F.2d at 998. While this observation is not untrue in a literal sense, it is nothing short of meaningless in light of the express provision that magistrate judges may "hear and determine *any* pretrial matter pending before the court" with the exception of eight delineated matters. 28 U.S.C. § 636(b)(1)(A) (emphasis supplied). Indeed, if courts were to ignore the broad grant of authority in § 636(b)(1)(A) regarding "any pretrial matter" not expressly excepted, and conclude instead that magistrate judges lack authority to determine any matter not separately set out in the statute, the role of a magistrate judge would be effectively restricted to little more than administering oaths and issuing orders concerning pretrial detention. *See* § 636(a). Such is clearly not the case. *See, e.g., Peretz v. United States*, —— U.S. at ——, 111 S.Ct. at 2665 (recognizing that Congress intended magistrate judges "to play an integral and important role in the federal system" and noting that "the role of the magistrate in today's federal judicial system is nothing less than indispensable.")

The panel proceeds to note that *Fed. R.Civ.P.* 72(a) authorizes a magistrate judge to enter orders on pretrial matters that are not dispositive of a "claim or defense of a party" and goes on to conclude:

> In the absence of any further limiting language in the rule or the statute pursuant to which the rule was implemented, we decline to read "claim" to encompass only the underlying substantive claim of a party and not a Rule 11 motion resulting in an award of money damages.

*Bennett* at 998. After concluding that a Rule 11 motion should be considered a "claim"

---

**16.** Other courts have declined to address the issue of whether Rule 11 sanctions are properly characterized as dispositive or nondispositive. *Lancellotti v. Fay*, 909 F.2d 15 (1st Cir.1990) (declining to intimate a view as to whether Rule 11 sanctions were properly characterized as dispositive or nondispositive because parties acquiesced in de novo review of magistrate judge's recommendation); *Harlyn Sales Corp. Profit Sharing Plan v. Investment Portfolios–Government Plus Fund*, 142 F.R.D. 671 (N.D.Ill.1992) (not necessary to decide whether Rule 11 motion was dispositive or nondispositive because plaintiff requested a de novo standard of review on appeal

from magistrate judge's recommendation on Rule 11 sanctions and defendants did not object).

**17.** I note that in an earlier decision, a different Sixth Circuit panel clearly recognized that Rule 11 motions were "not dispositive." *See Homico Constr. & Dev. Co. v. Ti–Bert Sys., Inc.*, 939 F.2d 392, 394 n. 1 (6th Cir.1991). Interestingly, the panel in *Bennett* declined to follow the earlier panel's decision on that issue, reasoning that the "panel's observation concerning the nature of Rule 11 motions was not essential to the holding of that case." *Bennett* at 998 n. 8.

within the meaning of *Fed.R.Civ.P.* 72(a), the panel went on to hold that:

> In the present case, the magistrate judge's purported order ... resulted in an award of money damages. Nothing remained but to execute the judgment; therefore, this purported order was dispositive of the Rule 11 matter and, consequently, dispositive of a "claim" of a party.

*Bennett* at 998 (footnotes omitted). The principal flaw underlying the panel's reasoning is the conclusion that a Rule 11 motion ought to be considered a party's "claim" within the meaning of *Fed.R.Civ.P.* 72(a).

As explained earlier, it is clear that the imposition of Rule 11 sanctions, a matter which the Supreme Court clearly has characterized as an "issue" that is "collateral" to the claims and defenses of the underlying action, should not be confused with a judgment on the merits of a party's substantive claim or defense. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. at 396, 110 S.Ct. at 2456. Were courts to accept the loose definition of the term "claim" proposed by the panel in *Bennett,* it would have the effect not only of eviscerating the broad grant of authority in § 636(b)(1)(A), the very statute *Fed.R.Civ.P.* 72(a) was designed to implement, but also would render dispositive nearly every pretrial matter determined by a magistrate judge.

For example, applying the loose definition proposed by the panel in *Bennett,* something as routine as denying a motion to compel would have the effect of disposing of the party's "claim" that they are entitled to such discovery under the relevant rules; yet, issues regarding discovery are "universally" considered to be nondispositive of a party's claim or defense under § 636(b)(1)(A). *See* 7–Pt. 2 Moore's Federal Practice ¶ 72.03[2.–1] (2d ed. 1992) (and cases cited therein). Likewise, the entry of an order denying a motion to intervene would have the effect of disposing of the "claim" that one is entitled to intervene in the action; yet the determination of a motion to intervene is not considered dispositive of a claim or defense of a party. *See United States v. Certain Real Property,* 751 F.Supp. 1060, 1061 (E.D.N.Y. 1989) (although the merits of intervenor's substantive claim are a "dispositive" pretrial matter, the motion to intervene is not dispositive of a claim or defense within the meaning of Rule 72(a)). *See also* note 9, *supra.* These few examples, and there are undoubtedly many more, make clear that it is simply preposterous to define the term "claim" in *Fed.R.Civ.P.* 72(a) so loosely that it encompasses every issue that arises during the course of litigation. To do so strips magistrate judges of the authority granted them by Congress to hear and determine "all pretrial matters" not expressly excepted in § 636(b)(1)(A), and ignores the fact that Congress undertook specifically to delineate those eight matters considered to be dispositive of a party's claim or defense. *See, e.g.,* H.R.Rep. No. 94–1609, 94th Cong., 2d Sess., 10–11 (1976) (Congress intends that magistrates shall have the power to determine any pretrial matter except the motions specifically enumerated in § 636(b)(1)(A) which Congress considers "dispositive of the litigation").[18]

---

**18.** Furthermore, contrary to the assertion of the panel in *Bennett,* 976 F.2d at 998, a monetary award of attorney's fees does not magically transform a sanction order into a dispositive matter, even though, following the entry of such order, "nothing remain[s] but to execute the judgment." *Id.* at 998. As is true with all orders resolving issues that arise during the course of litigation, there remains little to do following the entry of the order save complying with the order itself. A sense of finality necessarily flows from any order entered by a magistrate judge; however, the fact that an order disposes of a trial matter does not render the order "dispositive of a claim" of a party within the meaning of Rule 72(a). For instance, following the entry of an order awarding attorney's fees under Rule 37 nothing remains but to collect the award; yet, Rule 37 matters are nondispositive and properly resolved by magistrate judges. *See, e.g., Grimes v. City and County of San Francisco,* 951 F.2d at 240–41 (holding that magistrate judges have authority under § 636(b)(1)(A) to impose Rule 37 discovery sanctions); *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d at 525 (discovery matters are nondispositive of litigation and monetary sanctions pursuant to Rule 37 usually are committed to the discretion of the magistrate and are reviewable by the district court under the "clearly erroneous or contrary to law" standard); *Ocelot Oil Corporation v. Sparrow Industries,* 847 F.2d at 1462 (discovery is clearly a pretrial matter, and magistrate judges have general authority to order nondispositive discovery sanctions under Rule 37); *Merritt v. International Bro. of*

The *Bennett* panel also appears to have placed some degree of importance upon the fact that the Rule 11 motions in that case were not filed until after the entry of judgment and the filing of an appeal. *Bennett* at 998 n. 5. Interestingly, the panel admitted that the sanctions themselves were based upon pretrial conduct (the failure to make reasonable inquiry into jurisdiction prior to filing the action), and further admitted that the district court retained jurisdiction to enter an order imposing postjudgment sanctions. However, because the sanctions were imposed after judgment had been entered and an appeal taken, the court reasoned the motion could not be considered a "pretrial matter" within the meaning of § 636(b)(1)(A), thus, although the court posited that a district judge would have had authority to impose sanctions, it concluded the magistrate judge did not. *Bennett* at 998 n. 5.

As discussed above, the term "pretrial matters" in § 636(b)(1)(A) need not be interpreted so restrictively that it prohibits a magistrate judge from determining, postjudgment, procedural matters that arose in the preliminary stages of the case. *See* discussion *supra* at 641–642. Nonetheless, even when, as in the *Bennett* case, Rule 11 motions are viewed as something other than pretrial matters, a thorough inquiry into the authority of a magistrate judge to determine such motions ought not begin and end with a cursory analysis of § 636(b)(1)(A). The *Bennett* panel neither discussed nor made reference to the "additional duties" clause of § 636, under which a magistrate judge "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Because magistrate judges possess authority to impose Rule 11 sanctions not only under § 636(b)(1)(A), but also under the additional duties provision of § 636(b)(3), *see* discussion *supra* at 641–642, the *Bennett* panel's conclusion that the magistrate judge lacked authority to impose Rule 11 sanctions is openly assailable.

In conclusion, careful analysis of § 636(b)(1)(A), *Fed.R.Civ.P.* 72(a), § 636(b)(3), Local Rule 72 and the relevant case law leads me to conclude that a magistrate judge possesses authority to issue orders resolving Rule 11 motions. Accordingly, I shall proceed to the merits of the pending motions.

### IV. Are Sanctions Warranted on These Facts?

■ Defendants Angle, Hilton, Dawson, Perlman and Kahn have filed motions requesting the imposition of costs and attorney's fees pursuant to Rule 11. (Filings 5, 7, 9, 42, and 46). Rule 11 provides in relevant part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading ... that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading ... is signed in violation of this rule, the court, upon motion, ... shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the reasonable expenses incurred because of the filing of the pleading ... including a reasonable attorney's fee.

*Fed.R.Civ.P.* 11.

In this instance plaintiff was notified through the memorandum and order dated August 21, 1992 (filing 2) that his original *pro se* complaint suffered from a number of fatal deficiencies. Specifically, plaintiff was told the defendants named in the original complaint were improper for one of three reasons: (1) the defendants were private parties and thus not proper defendants in an action

---

*Boilermakers*, 649 F.2d at 1016–17 (magistrate judge has authority under § 636(b)(1)(A) to impose discovery sanctions under Rule 37); *Yatani v. Immigration and Naturalization Service*, No. CV87–

2240 (E.D.N.Y.1990) (magistrate judges have authority to impose nondispositive discovery sanctions pursuant to Rule 37) (text available on WESTLAW, 1990 WL 72632).

brought pursuant to 42 U.S.C. § 1983; (2) the complaint lacked allegations suggesting the named municipal and county entities were proper defendants in a § 1983 action; or (3) the defendants resided outside the State of Nebraska and there were no allegations suggesting this court could exercise personal jurisdiction over them. *See* filing 2 at 3–4. Plaintiff was given an opportunity to file an amended complaint and was instructed as to how the noted deficiencies could be remedied. Further, he was notified that if the deficiencies were not remedied in the amended complaint his action was subject to dismissal.

Despite this warning plaintiff's amended complaint failed to address, much less remedy, the noted deficiencies regarding the named defendants. Based upon the fact that none of the defendants were proper defendants in a § 1983 action, it was recommended plaintiff's action be dismissed as frivolous. (Filing 48). The recommendation was adopted in all respects by the assigned trial judge. (Filing 50).

■■■ "In determining whether a violation of Rule 11 has occurred, the district court must apply an 'objective reasonableness' standard." *N.A.A.C.P. Special Contribution Fund v. Atkins*, 908 F.2d 336, 339 (8th Cir. 1990) (quoting *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir.1987)). "Rule 11 makes sanctions mandatory when a violation of the Rule occurs, but whether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgment and degree."

*O'Connell v. Champion*, 812 F.2d at 395. The central issue is "whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading." *Id.*

In light of plaintiff's insistence upon suing the persons and entities set forth in his original complaint even after having been informed by the court that the named defendants were improper, I find plaintiff has violated the Rule by signing an amended complaint he knew, or objectively should have known, was frivolous and not warranted by existing law. *See Kurkowski v. Volcker*, 819 F.2d 201, 203 (8th Cir.1987) ("Rule 11 allows the district court to impose sanctions whenever a plaintiff has filed a frivolous lawsuit."). While I recognize plaintiff is untrained in the law, his *pro se* status does not excuse him from complying with the requirements of Rule 11. *Kurkowski*, 819 F.2d at 204 (although *pro se* complaints are to be liberally construed, the signing of a frivolous complaint warrants the imposition of Rule 11 sanctions if signed with knowledge that claims being asserted are identical claims earlier rejected by federal court); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.1984) (per curiam) (*pro se* litigants are not excused from complying with substantive and procedural law).

Plaintiff's *pro se* status was taken into consideration by this court when an initial review was conducted of his original complaint (filing 2).[19] In the initial review plaintiff was informed of the deficiencies of the

19. Local Rule 83.10 provides for initial, *sua sponte* review of all complaints filed without the assistance of counsel pursuant to *Fed.R.Civ.P.* 12(b)(6), regardless of whether those cases are filed in forma pauperis. Local Rule 83.10 provides for initial review by a magistrate judge, who will either (1) order the issuance of summons for service upon all or some of the named defendants; (2) grant the plaintiff leave to file an amended complaint; (3) recommend dismissal, in whole or in part, for failure to state a claim for relief under Rule 12(b)(6); or (4) recommend dismissal in whole or in part, in cases filed in forma pauperis, because the case is frivolous or malicious under § 1915(d). Unless dismissal is recommended on the ground that the original complaint is frivolous, leave to amend is generally granted. In the event leave to amend is granted, the magistrate judge will identify the deficiencies in the complaint and indicate what factual allegations are necessary to cure those deficiencies. Should dismissal be recommended, the plaintiff is given notice of his right to object and an opportunity to object on legal or factual grounds. *See Neitzke v. Williams*, 490 U.S. 319, 329–30 & n. 8, 109 S.Ct. 1827, 1834 & n. 8, 104 L.Ed.2d 338 (1989) (identifying differences between procedures under *Fed.R.Civ.P.* 12(b)(6) and 28 U.S.C. § 1915(d) and leaving open question of propriety of *sua sponte* dismissals under former provision). *See also Haugen v. Sutherlin*, 804 F.2d 490, 491 n. 2 (8th Cir.1986) (Lay, C.J.) (authorizing initial review of pleadings to avoid "Sisyphean task of serving invalid summonses on the multitude of defendants"); *Martin–Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir.1982) (authorizing *sua sponte* review under Rule 12(b)(6)).

complaint, told how they could be remedied, and given an opportunity to file an amended complaint. Essentially, due to plaintiff's *pro se* status, the "reasonable inquiry" into the facts and law required by Rule 11 was conducted by the court for plaintiff's benefit through the initial review process. His subsequent insistence upon pursuing a federal cause of action against the named defendants, even after having been notified they were not proper defendants in such an action, is objectively unreasonable and violates Rule 11. *Kurkowski*, 819 F.2d at 204. I shall grant defendants' motions for sanctions.[20]

The costs and attorney's fees requested in this matter total $1,577.13, and I find this amount to be reasonable.[21] Cognizant of the fact that the purpose of Rule 11 is " 'to compensate the offended party for the expenses caused by a violation as well as penalize the offender' " *Lupo v. R. Rowland & Co.*, 857 F.2d 482, 485–86 (8th Cir.1988) (quoting *Sanctions Under the New Federal Rule 11—A Closer Look*, 104 F.R.D. 181, 201 (1985)), I shall impose sanctions against plaintiff in the amounts requested.

IT THEREFORE HEREBY IS ORDERED, the motions requesting imposition of costs and attorney's fees pursuant to Rule 11 (filings 5, 7, 9, 42, and 46), are granted in accordance with the terms of this memorandum. Defendant Angle is awarded $286.65, Defendant Hilton is awarded $286.65, Defendant Dawson is awarded $374.35, Defendant Perlman is awarded $164.24, and Defendant Kahn is awarded $240.89. An additional sum of $224.35 is awarded to defendants Angle, Hilton, Dawson and Kahn to be divided among them equally. Such amounts are to be paid by the plaintiff. The clerk is directed to make these awards part of the judgment entered in this matter.

---

20. Furthermore, an affidavit filed by defendant Angle (filing 61) suggests sanctions in this matter may be warranted on grounds of harassment as well. *See* Fed.R.Civ.P. 11 (violates Rule 11 to sign a pleading interposed for any improper purpose, such as to harass). According to the affidavit filed by defendant Angle, both she and her husband received numerous threatening phone calls from plaintiff once she began representing plaintiff's former wife in the ongoing custody dispute. When a meeting with plaintiff and his attorney did not stop the harassing phone calls, defendant Angle and her husband pressed criminal charges and, following plaintiff's conviction for aggravated harassment, obtained a protective order. Angle states the harassment continued in the form of attempts to have her charged criminally and disbarred. Specifically, Angle was notified by the assistant district attorney that plaintiff had tried to have baseless criminal charges filed against her, and further was notified by the New York Committee on Professional Standards that plaintiff had filed numerous written complaints against her, all of which were dismissed as baseless. Defendant Angle suggests this lawsuit is yet another instance of plaintiff's ongoing harassment. Similar claims of telephone harassment were made by defendants Hilton (filing 7) and Perlman (filing 42).

21. Defendant Angle is requesting a total of $286.65, representing $96.65 in costs and $190.00 in attorneys fees (filings 5 and 57). Defendant Hilton is requesting a total of $286.65 (filings 7 and 58), representing $96.65 in costs and $190.00 in attorney's fees. Defendant Dawson is requesting a total of $374.35, (filings 9 and 56) representing $94.35 in costs and $280.00 in attorney's fees. Defendant Perlman is requesting a total of $164.24 (filings 42; 62), representing $44.00 in costs and $120.00 in attorney's fees. Defendant Kahn is requesting a total of $240.89 (filing 46; 59), representing $96.65 in costs and $100.00 in attorney's fees. An additional sum of $224.35, representing $124.35 in costs and $100.00 in attorney's fees, is requested by defendants Angle, Hilton, Dawson and Kahn. (Filing 60).